Jeffrey W. **BRUENGER**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 79559.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 2, 2002.

Ellen H. Flottman, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Jeffrey W. Bruenger ("Movant") appeals the judgment denying his Rule 24.035 motion to vacate, set aside or correct his judgment or sentence following an evidentiary hearing. We affirm.

■ In its brief, the State urges us to dismiss this appeal because Movant's motion was not filed within 90 days as required by Rule 24.035(b). Defendant was delivered to the Department of Corrections on November 5, 1998. The State concedes that Movant filed his Rule 24.035(b) motion with the Clerk of the Circuit Court of Jefferson County on January 28, 1999, which was within 90 days. Although Movant was charged in Jefferson County, the State points out that Movant sought and received a change of venue to the Circuit Court of Ste. Genevieve County. The Jefferson County Circuit Clerk forwarded the motion to the Ste. Gene-

vieve County Circuit Clerk. However, it was not received by the Ste. Genevieve County Circuit Clerk until February 4, 1999, which is 91 days after Movant was delivered to the Department of Corrections. Therefore, the State argues, the motion was untimely and must be dismissed.

The problem with the State's argument is that it overlooks the fact that Movant's plea, sentencing and evidentiary hearing on his Rule 24.035 motion all occurred in Jefferson County by the consent of all parties on the record. Before accepting Movant's plea and again before imposing sentence, the Court specifically inquired of Movant, his counsel and the prosecutor if they consented to the proceeding being conducted in Jefferson County instead of Ste. Genevieve County. Each expressly agreed. As provided in Rule 24.035(a) the Rule "provides the exclusive procedure by which [the Movant] may seek relief *in the sentencing court* for the claims enumerated." (emphasis added). Inasmuch as the sentencing court was the Circuit Court of Jefferson County, the motion was filed timely.

■ Our review of the circuit court's action on a Rule 24.035 motion is limited to determining whether the "findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *State v. Phillips*, 940 S.W.2d 512, 521 (Mo. banc 1997). Such findings and conclusions will be deemed clearly erroneous only where, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Johnson*, 968 S.W.2d 686, 695 (Mo. banc 1998).

■ In his sole point on appeal, Movant claims the trial court erred in denying his motion because his counsel was ineffective for failing to explain to Movant that his arrest had been found unlawful by the

Court. Although we agree with the State that this is not the claim articulated in Movant's motion, we further find that the record fully supports the trial court's finding that Movant's counsel advised him of the court's ruling sustaining his motion to suppress in part, counsel's assessment that an appellate court would likely sustain the trial court's decision not to suppress certain items, and that he would waive his right to appeal the ruling by pleading guilty. The trial court properly found that Movant's counsel was not ineffective and denial of Movant's motion was not clearly erroneous.

Judgment affirmed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., Concur.